ered in the original bargain" is one of the principal reasons why Georgia adheres to the majority rule. *Herren v. Pettengill*, supra at 124 (2). Thus, the Court of Appeals erroneously upheld the trial court's premature consideration of the amount of land reasonably necessary to full enjoyment of the easement. Having determined that the road was not the full 60 feet claimed by Appellants, the trial court should have made an additional finding as to whether a narrower dimension had ever been established for the easement. Instead, it erroneously turned immediately to the question of whether 25 feet was adequate. As a matter of law, that cannot be decided prior to a determination that the roadway does not have any fixed dimensions. *Herren v. Pettengill*, supra.

Because the trial court did not address the threshold issue of whether the road had an original fixed width on or about June 16, 1969, the judgment of the Court of Appeals in *Martin II* is reversed with direction to remand the case to the trial court for the entry of a new order which does so. See *Department of Transp. v. Livaditis*, 129 Ga. App. 358, 363 (3) (199 SE2d 573) (1973).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 25, 2002 —
RECONSIDERATION DENIED MARCH 25, 2002.

*B. Samuel Engram, Jr.*, for appellants.
*Moore, Clarke, DuVall & Rodgers, James H. Moore III, Edgar W. Duskin, Jr.*, for appellees.

S00Y1334. IN THE MATTER OF ERIC VANN ROSS.
(562 SE2d 164)

ORDERED MARCH 25, 2002.

*William P. Smith III, General Counsel State Bar, Jenny K. Mit-*

*telman, Assistant General Counsel State Bar*, for State Bar of
Georgia.
　*Colette R. Steel*, for Ross.

S01A1232. PETERSON v. BEASLEY et al.
(561 SE2d 429)

*All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.
　The majority remands this case because the defendants' exhibits
do not appear in the transcript and record filed in this Court. How-
ever, I believe that a remand is completely unnecessary and that we
are required to affirm the judgment below.
　The majority proceeds on an erroneous premise because Ms.
Peterson does not contend that the evidence is insufficient or that the